IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DERICK SMITH,

    Plaintiff,

vs.                                                  CASE NO. 1:06CV200-MP/AK

M. A. PLESKOVICH, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, is suing Defendant Pleskovich and two "Doe" defendants for depriving him of his religious rights under the First Amendment by refusing to allow him kosher food because, as a Seventh Day Adventist, he is not Jewish, and is therefore not entitled to participate in the program. (Doc. 1).

Defendants have moved to dismiss his claims as moot because he is no longer incarcerated and no relief could be afforded him. (Doc. 31). Plaintiff has responded that he seeks damages, not injunctive relief, and therefore, his claims are not moot. (Doc. 33).

**I.    Allegations of the complaint (doc. 1)**

Plaintiff complains that while he was incarcerated at Cross City Correctional Institution he requested that he be provided kosher meals because his religion, Seventh Day Adventist, required it. Assistant Warden Pleskovich, an unidentified Secretary of

Grievance Appeals, and an unidentified chaplain denied his requests because the kosher meal program is available to Jewish inmates only and that other meal plans (pork free, vegetarian, and vegan) would accommodate the religious tenets of the Adventists.

Attached to the complaint is a letter from M. Curtis Powell, pastor of the Southernmost Seventh-day Adventist Church in Key West, Florida, requesting that Plaintiff be allowed to follow religious guidelines for his diet. Mr. Powell states: "The Seventh-day Adventist believe in abstaining from 'unclean' animals as outlined in Deuteronomy 14, and also abstain from eating 'clean' meat that is not kosher."[1]

Plaintiff seeks "damages in his favor against 'all' the defendants, for the depicted amount sufficient to compensate Plaintiff for the Defendants' depriving Plaintiff of his civil rights without due process of law, but in no event less than $60,000.00 dollars for each claim against each defendant in their individual capacity, together with his attorneys fees[2] and such additional relief this court deems just & proper."

**II.     Standard of Review**

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,*

---

[1] Also attached to the complaint are a number of grievances and responses which will not be quoted or discussed in the report since exhaustion is not an issue in this lawsuit.

[2] It is well settled that non-attorney *pro se* litigants are not entitled to attorney fees. Kay v. Ehrler, 499 U.S. 432, 435 n.5, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991).

**No. 1:06cv200-mp/ak**

108 F.3d 1388, *citing* <u>Mayer v. Mylod</u>, 988 F.2d 635, 638 (6th Cir. 1993); <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1487 (11th Cir. 1997); <u>Mannings v. Board of Public Instr. of Hillsborough County, Fla.</u>, 277 F.2d 370, 372 (5th Cir. 1960).  The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient."  <u>In re Mosello</u>, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* <u>Festa v. Local 3, Int'l Brotherhood of Elec. Workers</u>, 905 F.2d 35, 37 (2d Cir. 1990).  Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

      All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss.  <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993).  However, this does not mean "that every statement in a complaint must be accepted as true."  <u>In re Mosello</u>, 190 B.R. at 168.  The "court need not accept 'sweeping and unwarranted averments of fact.'"  *Id.*, *citing* <u>Perniciaro v. Natale</u>, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  Claims which "rely upon conclusory statements of law" need not be accepted.  <u>Northern Trust Co. v. Peters</u>, 69 F.3d 123, 129 (7th Cir. 1995).  Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim."  <u>Northern Trust Co.</u>, 69 F.3d at 129; *see also* <u>Quality Foods de Centro America</u>, 711 F.2d 989, 995 (11th Cir. 1983)(finding

**No. 1:06cv200-mp/ak**

"[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993). The motion to dismiss will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002), *citing* Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001), (citing Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997)).

**No. 1:06cv200-mp/ak**

### III.     Analysis

It is true, as Defendants contend, that an inmate's claim for injunctive or declaratory relief in a 1983 case is rendered moot upon his release or transfer to another institution.  Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988), citing Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  See also Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986).  However, Plaintiff is correct that he does not seek injunctive relief, his claims are for damages.

"[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated."  Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).  Plaintiff has not alleged that he suffered any physical or mental injury from the retaliation by Defendant.  He seeks compensation only for the deprivation of his religious rights.  Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action.  If there is no physical injury alleged, then mental or emotional monetary damages, as well

**No. 1:06cv200-mp/ak**

as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[3], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230. Since Plaintiff is adamant that he is not seeking injunctive relief and he is not entitled to compensatory damages because he has alleged no injury, the undersigned is of the opinion that this cause should be dismissed, rather than proceed on a possibility of nominal damages, which have also not been asserted.[4]

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss (doc. 31) be **GRANTED**, and Plaintiff's complaint (doc. 1), be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

---

[3] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

[4] Nominal damages may still be recovered even though there are no compensable damages. Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.

**No. 1:06cv200-mp/ak**

**IN CHAMBERS** at Gainesville, Florida, this __7th__ day of February, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:06cv200-mp/ak**